### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMIEL LAWRENCE WILLIAMS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-3404** |
| | : | |
| **BRENDA V. FRANCOIS,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**ROBRENO, J.**                                                   **NOVEMBER  28, 2022**

*Pro se* Plaintiff Jamiel Lawrence Williams, a prisoner currently incarcerated at SCI

Huntingdon,[1] has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging claims

against (1) Brenda V. Francois, his ex-wife; (2) Scott M. Orloff, Esquire, Francois's attorney in

their divorce proceedings; (3) the law firm of Willig, Williams & Davidson ("WWD"), where

Orloff is employed; and (4) the Philadelphia County Court of Common Pleas Family Division.

(ECF No. 2 at 1-2, 5.)[2]  Also before the Court are Williams's Motions for Leave to Proceed *In*

*Forma Pauperis* (ECF Nos. 8 & 11), his Prisoner Trust Fund Account Statements (ECF Nos. 9 &

12), as well as two separate motions (ECF Nos. 5 & 15) that seek to add defendants and claims

to this action.  For the following reasons, Williams will be granted leave to proceed *in forma*

*pauperis*, his federal claims will be dismissed with prejudice for failure to state a claim pursuant

---

[1] A review of publicly available records shows that Williams pled guilty to charges of attempted murder, burglary, and related charges.  *See Commonwealth v. Williams*, CP-51-CR-0004294-2019 (C.P. Phila.).

[2] The facts set forth in this Memorandum are taken from Williams's Complaint.  The Court adopts the pagination assigned by the CM/ECF docketing system.

to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state law claims will be dismissed for lack of jurisdiction without prejudice to Williams's right to proceed in the appropriate state court.

## I.     FACTUAL ALLEGATIONS

Williams filed his Complaint in this case using the Court's preprinted form for prisoners seeking to assert civil rights violations pursuant to 42 U.S.C. § 1983.  Williams's factual allegations primarily relate to his financial status during and after the divorce proceedings, and his belief that Defendants Francois's and Orloff's conduct resulted in financial and property losses for Williams.  (*Id.* at 3.)  Specifically, Williams alleges that he was not "afforded a[n] opportunity to file a counter-affidavit for alimony pendente lite or temporary alimony" prior to the entry of a final divorce decree in that matter.  (*Id.*)  Williams also claims that he sent "economic relief" paperwork to Defendant Orloff, but that Orloff and WWD did not file his paperwork for financial relief or alimony because they represented Defendant Francois.  (*Id.* at 3, 5.)  While unclear, Williams apparently believes that his financial difficulties relate to a book Defendant Francois published through Jamiel Publishing, LLC – a company Williams claims they both own – because Francois allegedly stopped payments and distribution on the book during their divorce proceeding, leaving him with the financial loss.  (*Id.* at 3.)

Based on these allegations, Williams seeks ten million dollars in compensatory damages from Defendants Orloff and WWD, and an additional one million dollars from Defendant Francois regarding the "property and [the] LLC[.]"  (*Id.* at 5.)  Williams also asks to appeal the result in his divorce proceeding so he can receive alimony, as well as attorney fees and expenses. (*Id.*)

## II.      STANDARD OF REVIEW

The Court will grant Williams leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous or fails to state a claim.  A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  A claim is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  The Court must also dismiss a complaint that fails to state a claim under § 1915(e)(2)(B)(ii), which is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  This requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Williams is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v.*

---

[3] As he is a prisoner, he is subject to the obligation to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(h).

*Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F. 3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

### III.   DISCUSSION

Williams's Complaint asserts claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   Claims Against Francois, Orloff, and WWD

The Court understands Williams's Complaint, filed on the form for prisoners seeking to bring civil rights claims, as asserting claims against Defendants Francois, Orloff, and WWD pursuant to § 1983.  Claims brought pursuant to § 1983 require the Plaintiff to demonstrate that the defendant was acting under color of state law.  Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  Pursuant to § 1983, action under color of state law requires that the one liable under that statute have exercised power possessed by virtue of state law and made

4

possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). However, "purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).

Francois and Orloff are not subject to liability under § 1983 because these Defendants are private individuals and not state actors. *See, e.g., Hepfl v. Boot*, No. 21-64, 2021 WL 1701801, at *2 (W.D. Pa. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 1700043 (W.D. Pa. Apr. 29, 2021) (dismissing *pro se* plaintiff's § 1983 claims against his ex-girlfriend (and the mother of his child) on the basis that she was a private individual and not a state actor); *Massey v. Crady*, No. 17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state actors, and therefore . . . any § 1983 claims against [them] should be dismissed."); *Maresca v. Maresca*, No. 07-720, 2007 WL 1490515, at *3 (M.D. Pa. May 21, 2007) (dismissing plaintiff's complaint against his ex-wife as frivolous on the basis that she was not a state actor and plaintiff failed to alleged facts demonstrating that she violated any of his rights); *Shallow v. Rogers*, No. 05-6227, 2006 WL 924990, at *4 (E.D. Pa. Apr. 6, 2006), *aff'd*, 201 F. App'x 901 (3d Cir. 2006) (finding that plaintiff's § 1983 claims against a private attorney representing plaintiff's ex-wife warranted dismissal because the attorney "did not qualify as a state actor" and noting that there were no allegations that attorney's actions were "'fairly attributable'" to the state); *see also Thomason v. Norman E. Lehrer, P.C.*, 182 F.R.D. 121, 128 (D.N.J. 1998) ("An attorney representing a private litigant who alleges a cause of action against another private party in federal or state court does not act under color of law, either state law for the purposes of an action under section 1983, or federal law for the purposes of an action under *Bivens*[.]") (collecting cases).

WWD, the private law firm that employed Defendant Orloff, is also not a state actor liable under § 1983.  *See, e.g.*, *Webb v. GDWG Law Firm*, No. 20-1394, 2021 WL 2856605, at *2 (D. Del. July 8, 2021) (recognizing that plaintiff's § 1983 claims failed as a matter of law against a private law firm because it was not a state actor, and was not a person within the meaning of § 1983; *Roche-Moreno v. Matangos*, No. 12-0330, 2012 WL 1106631, at *7 (M.D. Pa. Mar. 8, 2012), *report and recommendation adopted*, 2012 WL 1106674 (M.D. Pa. Apr. 2, 2012) ("Moreover, a private law firm . . . is not a state agency.");  Accordingly, all of Williams's civil rights claims against Defendants Francois, Orloff, and WWD, fail to state a claim and must be dismissed pursuant to § 1915(e)(2)(B)(ii).  The dismissal of these claims is with prejudice as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 114 (3d Cir. 2002).

## B.      Claims Against the Philadelphia County Court of Common Pleas Family Division

Williams's § 1983 claim against the Philadelphia County Court of Common Pleas Family Division is barred by the Eleventh Amendment, which bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Philadelphia County Court of Common Pleas, including the Family Division, are part of Pennsylvania's unified judicial system which shares in the Commonwealth's Eleventh Amendment immunity.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005); *see also Parker v. Lehigh Cty. Domestic Relation Court*, 621 F. App'x 125, 128 (3d Cir. 2015) ("As [Eleventh Amendment] immunity extends to the component districts of Pennsylvania's unified judicial system, it shields the Family Court from . . . suit.").  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa.

Cons. Stat. § 8521-22, Williams's claim against the Philadelphia County Court of Common Pleas Family Division must be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i) because it is based on an indisputably meritless legal theory. *Neitzke*, 490 U.S. at 325; *Deutsch*, 67 F.3d at 1085. The dismissal of this claim is with prejudice as any amendment would be futile. *See Grayson*, 293 F.3d at 114.

### C.      State Law Claims

Liberally construing Williams's Complaint, it is also possible that he seeks to also raise state law claims against Defendants related to his divorce proceedings and alleged entitlement to alimony.  The Court declines to exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367, having dismissed Williams's federal claims.  Accordingly, the only independent basis for jurisdiction over any state law claims is 28 U.S.C. § 1332, which provides that a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "The burden of establishing federal jurisdiction rests with the party asserting its existence."  *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Williams does not adequately allege the citizenship of any of the parties to this action. He only sets forth current addresses for the parties, from which the Court cannot determine the citizenship of the parties for purposes of diversity.[4]   Accordingly, Williams has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law claims he may be raising.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105.  Thus, all state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Williams right to bring these claims in an appropriate state court.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Williams leave to proceed *in forma pauperis* and dismiss Williams's federal claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).  Williams will not be granted leave to amend because amendment of those claims would be futile.  *See Grayson*, 293 F.3d at 114.  Williams's state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Williams's right to raise those claims in an appropriate state court.  Williams's motions (ECF Nos. 5 & 15) which seek to add defendants and claims to this action will be denied as moot.  An appropriate Order follows.

**BY THE COURT:**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

[4] If the Court accepted these allegations as sufficient for purposes of citizenship, Williams and all Defendants would be deemed citizens of Pennsylvania and complete diversity would be lacking.