IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMIEL LAWRENCE WILLIAMS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3404 |
| | : | |
| **BRENDA V. FRANCOIS,** *et al.*, | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this **28TH** day of **November, 2022**, upon consideration of Plaintiff Jamiel Lawrence Williams's Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 8 & 11), *pro se* Complaint (ECF No. 2), and his motions to add defendants and claims to this action (ECF Nos. 5 & 15), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Jamiel Lawrence Williams, #QJ-0995, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Huntingdon or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Williams's inmate account; or (b) the average monthly balance in Williams's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Williams's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding

month's income credited to Williams's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Huntingdon.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, the Complaint is **DISMISSED** as follows:

   a. Williams's federal claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii); and

   b. Williams's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and he may pursue those claims in the appropriate state court.

6. Williams's motions to add defendants and claims to this action are **DENIED AS MOOT**.

7. The Clerk of Court is **DIRECTED** to **CLOSE** this matter.

                             **BY THE COURT:**

                             */s/ Eduardo C. Robreno*
                             **EDUARDO C. ROBRENO, J.**